ENTERED

CAUSE NO. 201957573

2019-57573

RECEIPT NO.                    75.00        CO1
**********          TR # 73663127

PLAINTIFF: ESTATE OF HECTOR SALAS JR                In The    190th
                vs.                                 Judicial District Court
DEFENDANT: CITY OF GALENA PARK                      of Harris County, Texas
                                                    190TH DISTRICT COURT
                                                    Houston, TX

THE STATE OF TEXAS                          CITATION
County of Harris

FILED
Marilyn Burgess 09-13-19
District Clerk
SEP 13 2019
Harris County, Texas
Mail Processing Clerk

TO: GONZALES, RICK
    OR WHEREVER HE MAY BE FOUND
    2207 CLINTON DR GALENA PARK TX 77547
    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 27th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                MARILYN BURGESS, District Clerk
LEWIS, U. A.                         Harris County, Texas
PO BOX 27353                         201 Caroline, Houston, Texas 77002
HOUSTON, TX 77227                    (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555                  Generated By: CHAMBERS, WANDA  ULW//11312317
Bar No.: 24076511

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the ____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                            _____

                            _____ of _____County, Texas

                            By _____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                            _____
                                    Notary Public

N.INT.CITR.P                    *73663127*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO.   201957573

RECEIPT NO.                     75.00      C01
                  *********       TR # 73663127

| | |
|---|---|
| PLAINTIFF: ESTATE OF HECTOR SALAS JR | In The   190th |
| vs. | Judicial District Court |
| DEFENDANT: CITY OF GALENA PARK | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

THE STATE OF TEXAS
County of Harris

~~FILED~~
~~Marilyn Burgess~~
~~District Clerk~~
~~SEP 13 2019~~
~~Time:~~
~~Harris County, Texas~~
~~By~~
~~Mail Processing Area~~

CITATION

TO: GONZALES, RICK
    OR WHEREVER HE MAY BE FOUND
    2207  CLINTON DR   GALENA PARK TX  77547
    Attached is a copy of ORIGINAL PETITION

Delivered
Christopher E. Diaz, Constable
Precinct # 2, Harris County, Texas
By Deputy

This instrument was filed on the 19th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 27th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:
LEWIS, U. A.
PO BOX 27353
HOUSTON, TX  77227
Tel: (713) 570-6555
Bar No.:  24076511

[seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA  ULW//11312317

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

                                    _____

                                    _____ of _____County, Texas

_____     By _____
           Affiant                            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                              Notary Public

N.INT.CITN.P                          *73663127*

~~Unofficial Copy Office of Harris County District Clerk~~

## Constable Return of Individual

Cause #: <u>201957573</u>                                                                                    Tracking #: <u>73663127</u>

In the case of <u>ESTATE OF HECTOR SALAS JR</u> VS <u>CITY OF GALENA PARK</u> a <u>CITATION</u> and attached
<u>ORIGINAL PETITION</u> was issued by the <u>190th Judicial District</u> court of <u>HARRIS</u> County, <u>TX</u> and
came to hand on the <u>28</u> day of <u>August</u>, <u>2019</u> at <u>3:37PM</u> to be delivered at <u>2207 Clinton Dr</u>, _
<u>Galena Park</u>, Tx <u>77547</u> by delivering to: <u>GONZALES, RICK</u>

### Attempted Service
**(Attempted service at 2207 Clinton Dr, Galena Park, Tx, 77547 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|---------------------|-------------------|---------|
| 8/30/2019 | 11:50:00 AM | Jesus Martinez | 2 | OTHER | 2207 Clinton Dr Galena Park Tx 77547 | RECEIVED A TEXT FROM MS GABRILLE WITH THE LEWIS LAW GROUP SHE GAVE ME A HOME ADDRESS FOR DEFENDANT, RICHARD "RICK" GONZALES AT 8742 YVONNE DRIVE HOUSTON, TX. 77044 TRANSFER TO PCT. 3 |
| 8/29/2019 | 1:40:00 PM | Jesus Martinez | 2 | BAD ADDRESS | 2207 Clinton Dr - Galena Park, Tx 77547 | NO LONGER WORKS AT POLICE DEPARTMENT PLAINTIFF ATTORNEY AND SPOKE WITH MR. LEWIS ATTORNEY WHO I INFORMED OF THE BAD ADDRESS THAT HE TOOK MY PHONE AND WILL CALL ME TO GIVE ME A HOME ADDRESS. |

NOT EXECUTED to the defendant: GONZALES, RICK

The information received as to the whereabouts of the said defendant being: 8742 YVONNE DRIVE
HOUSTON, TX. 77044

Fee Due $ ___75.00___

by Deputy  Jesus Martinez - 82C02
          <u>Printed</u>

Deputy Signature

Attempts:  ___2___

Total Attempts:  ___2___

**Christopher Diaz , Constable Precinct #2**
**Harris County Texas**

101 S Richey St, Suite C
Pasadena Texas 77506
713.477.2766

Unofficial Copy Office of Marilyn Burgess District Clerk

**Constable Return of Individual**

Cause #: <u>201957573</u>                                                                                     Tracking #: <u>73663127</u>

In the case of <u>ESTATE OF HECTOR SALAS JR</u> VS <u>CITY OF GALENA PARK</u> a <u>CITATION</u> and attached <u>ORIGINAL PETITION</u> was issued by the <u>190th Judicial District</u> court of <u>HARRIS</u> County, <u>TX</u> and came to hand on the <u>4</u> day of <u>September</u>, <u>2019</u> at <u>3:13PM</u> to be delivered at <u>8742 YVONNE DR</u>, <u>HOUSTON</u>, TX <u>77044</u> by delivering to: <u>GONZALES, RICK</u>.

**Attempted Service**
**(Attempted service at 8742 YVONNE DR, HOUSTON, TX, 77044 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|---|---|---|---|---|---|---|
| 9/11/2019 | 8:20:22 AM | Tiffany Baines | 3 | BAD ADD/PER RESIDENT | 8742 YVONNE DR HOUSTON TX 77044 | PER MR. RICHARD V. GONZALES D.O.B 01/18/1949 WHO ADVISED THAT HE DOES NOT KNOW RICK GONZALES AT ALL. |
| 9/10/2019 | 7:34:00 AM | Tiffany Baines | 3 | NO ANSWER/LEFT CARD | 8742 YVONNE DR HOUSTON TX 77044 | |
| 9/9/2019 | 8:11:05 AM | Tiffany Baines | 3 | NO ANSWER/LEFT CARD | 8742 YVONNE DR HOUSTON TX 77044 | |
| 9/9/2019 | 8:11:00 AM | Tiffany Baines | 3 | NO ANSWER/LEFT CARD | 8742 YVONNE DR HOUSTON TX 77044 | |
| 8/30/2019 | 11:50:00 AM | Jesus Martinez | 2 | OTHER | 2207 Clinton Dr Galena Park Tx 77547 | RECEIVED A TEXT FROM MS GABRILLE WITH THE LEWIS LAW GROUP SHE GAVE ME A HOME ADDRESS FOR DEFENDANT, RICHARD "RICK" GONZALES AT 8742 YVONNE DRIVE HOUSTON, TX. 77044 TRANSFER TO PCT. 3 |
| 8/29/2019 | 1:40:00 PM | Jesus Martinez | 2 | BAD ADDRESS | 2207 Clinton Dr - Galena Park, Tx 77547 | NO LONGER WORKS AT POLICE DEPARTMENT PLAINTIFF ATTORNEY AND SPOKE WITH MR. LEWIS ATTORNEY WHO I INFORMED OF THE BAD ADDRESS THAT HE TOOK MY PHONE AND WILL CALL ME TO GIVE ME A HOME ADDRESS. |

NOT EXECUTED to the defendant: GONZALES, RICK

The information received as to the whereabouts of the said defendant being:

**Constable Return of Individual**

Cause #: 201957573

Fee Due $    75.00

by Deputy  Tiffany Baines - 3C82
           Printed

Deputy Signature

Attempts:          4

Total Attempts:    6

Tracking #: 73663127

**Sherman Eagleton , Constable Precinct #3**
**Harris County Texas**

701 Baker Road
Baytown Texas 77521
713.274.2530

Unofficial Copy Office of Marilyn Burgess District Clerk

## Constable Return of Individual

Cause #: <u>201957573</u>                                                                    Tracking #: <u>73663127</u>

In the case of <u>ESTATE OF HECTOR SALAS JR</u> VS <u>CITY OF GALENA PARK</u> a <u>CITATION</u> and attached <u>ORIGINAL PETITION</u> was issued by the <u>190th Judicial District</u> court of HARRIS County, <u>TX</u> and came to hand on the <u>28</u> day of <u>August</u>, <u>2019</u> at <u>3:37PM</u> to be delivered at <u>2207 Clinton Dr</u>, <u>Galena Park</u>, Tx <u>77547</u> by delivering to: <u>GONZALES, RICK</u>

### Attempted Service
**(Attempted service at 2207 Clinton Dr, Galena Park, Tx 77547 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|---------------------|-------------------|---------|
| 8/30/2019 | 11:50:00 AM | Jesus Martinez | 2 | OTHER | 2207 Clinton Dr Galena Park Tx 77547 | RECEIVED A TEXT FROM MS GABRILLE WITH THE LEWIS LAW GROUP SHE GAVE ME A HOME ADDRESS FOR DEFENDANT, RICHARD "RICK" GONZALES AT 8742 YVONNE DRIVE HOUSTON, TX. 77044 TRANSFER TO PCT. 3 |
| 8/29/2019 | 1:40:00 PM | Jesus Martinez | 2 | BAD ADDRESS | 2207 Clinton Dr - Galena Park, Tx 77547 | NO LONGER WORKS AT POLICE DEPARTMENT PLAINTIFF ATTORNEY AND SPOKE WITH MR. LEWIS ATTORNEY WHO I INFORMED OF THE BAD ADDRESS THAT HE TOOK MY PHONE AND WILL CALL ME TO GIVE ME A HOME ADDRESS. |

NOT EXECUTED to the defendant: GONZALES, RICK

The information received as to the whereabouts of the said defendant being: 8742 YVONNE DRIVE HOUSTON, TX. 77044

Fee Due $ <u>75.00</u>

by Deputy <u>Jesus Martinez - 82C02</u>
                    Printed

Deputy Signature   *Jesus Marty*

Attempts:              <u>2</u>

Total Attempts:     <u>2</u>

**Christopher Diaz , Constable Precinct #2**

**Harris County Texas**

101 S Richey St, Suite C
Pasadena Texas 77506
713.477.2766



Unofficial Copy Office Of Marilyn Burgess District Clerk

Cause #: 201957573
Tracking #: 73663127
Person To Serve: GONZALES, RICK

8/19/2019 10:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36063618
By: Joshua Hall
Filed: 8/19/2019 10:24 AM

*2019-57573 / Court: 190*

## CAUSE NO. _____

| | | |
|---|---|---|
| **ESTATE OF HECTOR SALAS, JR.,** | § | **IN THE DISTRICT COURT OF** |
| **HECTOR   SALAS   SR.,   as** | § | |
| **representative   and   individually,** | § | _____ **JUDICIAL DISTRICT** |
| **ANDREA SILVA individually, and** | § | |
| **A/N/F for H.S., and A.S., CYNTHIA** | § | |
| **MONTIEL A/N/F for E.S.,** | § | |
| *Plaintiffs,* | § | **HARRIS  COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **THE   CITY   OF   GALENA   PARK,** | § | |
| **CHIEF   RICK   GONZALES,   and** | § | |
| **DOES 1-5** | § | |
| *Defendant.* | | |

## ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

   Comes now ESTATE OF HECTOR SALAS, JR., HECTOR SALAS SR., as

representative and individually, ANDREA SILVA individually, and as next friend

for H.S., and A.S., CYNTHIA MONTIEL as next friend for E.S., (collectively

"Plaintiffs") complaining of THE CITY OF GALENA PARK, TEXAS ("Galena

Park"); and OFFICER DOE files this, their Original Petition.

## INTRODUCTION

1.      Hector Salas Jr., the father of three, died November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect, and ignoring the medical and mental healthcare needs of Hector Salas, resulting in his suicide.

2.      Hector was placed in custody because he was suicidal. His wife, Andrea Salva, called the police because he had taken a handful of pills.

3.      He was taken to Ben Taub then released. She called them again the next day because he was still suicidal. The jail noted he was suicidal upon intake.

4.      A surveillance camera captured Salas' suicide attempts and suicide on video.

5.      He was in the cell alone and for enough time to tear mattress fabric apart into thin strips.

6.      He created a noose that he put around his neck on one end and the other on the jail cell door.

7.      He was not successful initially because the mattress fabric strips could not support his weight and broke.

8.      He was able to try again but was again unsuccessful.

9.      He made a third suicide attempt, this time he created and used a much thicker mattress fabric strip.

10.     He tied it to the jail cell door and then placed the open knot end around his neck.

11.     He used toilet water to cover the floor to cause the floor to be slippery.

12.     He was successful on the third attempt.

13.     Jail surveillance cameras captured the incident.

14.     Galena Park is withholding the video even after the Attorney General's initial ruling that it had to be released.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiffs' state and federal claims, under 28 U.S.C. § 1331 and 2201, 42 U.S.C § 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiffs' federal law claims.

16.     Venue is proper in this because the incidents at issue took place in Harris County, Texas.

## PARTIES

17.     Plaintiff, HECTOR SALAS, individually and as Representative of the Estate of Hector Salas Jr.

18.     Plaintiff, ANDREA SILVA, individually and as next friend for H.S., and A.S.

19.     Plaintiff, CYNTHIA MONTIEL, as next friend for E.S.

20.     Defendant, CITY OF GALENA PARK,  is and was at all times relevant to this action a governmental entity and is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever the mayor may be found.

21.     Defendant, RICK GONZALES,  is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he may be found.

22.     Defendants, DOES 1-5, is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he or she may be found.

## ADDITIONAL FACTS

23.     31-year-old Hector Salas Jr. was a father of three, a husband, son, brother, and beloved friend.

24.     He died on November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect him, ignoring the medical and mental healthcare needs of Hector Salas.

25.     Hector was in the custody of Galena Park because he was suicidal.

26.    His wife, Andrea Salva, called the police because he had taken a handful of pills.

27.    His wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

28.    He was taken to Ben Taub then released, without observation or treatment.

29.    She was forced to call Galena Park again the next day because he was still suicidal. His behavior was not usual.

30.    Hector was taken into custody by Galena Park.

31.    The jail noted that he was suicidal upon intake.

32.    He was placed in a cell alone.

33.    He was left alone for enough time to tear mattress fabric apart into thin strips.

34.    He created a noose that he put around his neck on one end and the other on the jail cell door.

35.    He tried to strangle himself.

36.    He was not successful in strangling himself initially because the mattress fabric strips could not support his weight and broke.

37.    He had time to try again but was again unsuccessful.

38.    He had time to create and used a much thicker mattress fabric strip.

39.    He had time to tie his newly created stronger noose strips to the jail cell door and then placed the open knot end around his neck.

40.    He had time to glaze toilet water over the floor to cause the floor to be slippery.

41.    He had time to make a third suicide attempt and was successful.

42.    A surveillance camera captured Salas' suicide attempts and suicide on video.

43.    According to the medical examiner, the manner of death is suicide by hanging:

A. HANGING:

The body is received with six segments of blue synthetic plastic-type material that have been previously cut:
1.   A 49 by 5 inch sheet bunched together with clear tape at one end and in the middle.
2.   A 66 by 50 inch sheet.
3.   A 14 by 1/2 inch strip with two knots.
4.   A 42 inch strip ranging in width between 1/4 of an inch and 1/2 of an inch with multiple knots.
5.   A 16 by 3/4 of an inch strip with one knot.
6.   A 17-1/2 by 1/2 of an inch strip with one knot.

44.    Hector Salas Jr. also had incised wounds on both arms from his wrist to his forearms noted and an additional indication of a previous suicide attempt, and more indication that his serious medical need was ignored.



45.    Galena Park continued to withhold documents and video footage even after the Attorney General's initial ruling that it had to be released.

## CLAIMS

### CITY OF GALENA PARK  42 U. S. C. SECTION 1983 CONSTITUTIONAL VIOLATIONS OF HECTOR SALAS'S CIVIL RIGHTS

46.    Plaintiffs incorporate by reference all of the preceding paragraphs.

47.    Plaintiffs also bring claims for violations of Hector Salas's Fourth, Eighth and Fourteenth Amendment rights.

*Failure to train its officers—an omission—led to a violation of the constitutional right*

48.    Galena Park and each defendant were acting under color of state law and,

therefore, is liable under 42 U.S.C. § 1983.

49.     Galena Park is liable under Section 1983 because it deprived Hector Salas of constitutional rights provided by federal law that occurred under color of state law and were caused by its employees, government actors.

50.     Hector Salas had a right under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution while incarcerated to be free from indifference to his medical and mental health needs.

51.     Hector Salas's death while in custody was preventable.

52.     Galena Park was indifferent to Hector Salas' serious medical needs, mental health needs and protection.

53.     Defendant Galena Park as a matter of policy, practice, custom and/or procedure did not have adequate staffing, had a practice and custom of not doing rounds, had a custom and practice of not checking to see if detention officers were doing rounds, and failed to provide and maintain adequate equipment to prevent suicide.

54.     Defendant Galena Park failed to train and failed to adequately supervise its jail detention officers and employees and agents.

55.     Prior to his death, Hector Salas did not receive adequate medical care for his risk of suicide, and symptoms.

56.    His death was due to the acts and omissions of Galena Park and those acts and omissions violated his constitutional right to due process, to be free from unreasonable search and seizure; and right to adequate medical care under the constitution.

*Failure-to-protect*

57.    Galena Park failed to properly and adequately train its officers to protect its inmates from the risk of serious harm in the form of self-inflicted suicide despite the obvious risk of harm, thereby failing to protect its inmates and deliberately indifferent to Hector's risk of harm.

*Failure-to-supervise*

58.    Galena Park is not responsible based on Respondeat Superior rather because it failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

*Deliberate indifference to serious-medical-needs*

59.    Galena Park's failure to supervise amounted to deliberate indifference to Hector Salas' medical needs

60.    Galena Park denied Hector Salas medical care for his serious medical need, thereby resulting in the constitutional violation that caused his death.

*Conditions of Confinement*

61.    Galena Park placed Hector Salas in a cell where he could not be observed by others could be alerted to prevent his death.

62.    Galena park placed Hector Salas in a cell with plastic and other materials he could use to make a noose to assist in his suicide.

## CHIEF RICK GONZALEZ

63.    Chief Rick Gonzalez is not responsible based on Respondeat Superior rather because he failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

64.    He further failed to train his subordinate officers on protecting inmates from serious harm.

65.    Chief Gonzalez is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law as the chief of the Galena Park police department.

## OFFICER DOES' CONSTITUTIONAL VIOLATIONS

*Failure to Protect Claims*

66.    Protecting inmates from the risk of harm from others and themselves and

recognizing a serious medical, including mental health needs is *required* training for all jail officers.

67.    Officer Doe would not be entirely responsible for Salas' death if the City of Galena Park failed to train her on inmate suicide prevention properly, or treatment of inmates with serious medical needs, mental health concerns, and protecting inmates like Hector Salas from a substantial risk of serious harm.

68.    On November 30, 2018, it was "well established" that a risk of suicide by an inmate, like this a serious medical need.

69.    Officer Doe had individual-specific knowledge of the threat of serious harm by suicide since his wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

70.    Officer Doe failed to check Hector Salas for a substantial length of time, a general risk that all prisoners in Hector's particular situation faced He should have been on suicide watch while he was awaiting transport to the Harris County Jail or provided mental health treatment.

71.    Officer Doe should have training in suicide and mental health training, any lack of expertise or experience that might limit Officer Doe's ability to evaluate potential harm and thereby her failure to protec.

72.    Despite the obvious risk she disregarded the risk she failed to provide even an essential response of checking on him at all.

## **WRONGFUL DEATH**

73.    Wrongful Death Statute The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section.

74.    The Plaintiffs bring this wrongful death action pursuant to the Texas Civil Practice and Remedies Code § 71.004 (c). Pursuant to Texas Civil Practice and Remedies Code § 71.002, and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

75.    Hector Salas died as a result of the Defendants' deliberate indifference, reckless, wrongful acts and omissions, neglect, and carelessness actions. He would have been entitled to bring this action against Defendants if he had lived.

76.    A reasonable and competent member of the law enforcement profession would have exercised under similar circumstances duties to: provide adequate medical care, not impose cruel and unusual punishment; Exercise ordinary or reasonable care; exercise the degree of care, skill, and competence that a reasonable officer would exercise.

77.     The Defendants breached all of their duties. The Defendants' acts and omissions, jointly and severally, proximately caused injury and death to Hector Salas.

78.     The Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

### SURVIVAL CLAIM

79.     The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section. Pursuant to Texas Civil Practice and Remedies Code § 71.021 and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

80.     Hector Salas had causes of action for personal injury to his person under the Texas Tort Claim Act, and 42 U.S.C. § 1983 before he died.

81.     Hector would have been entitled to bring an action for the injury if he had lived, namely pain and suffering, as a result of the negligence and civil rights violations.

82.     The Defendants' wrongful acts and omissions, jointly and severally, caused Hector's injuries for which the Plaintiffs sue for all damages allowed by law.

## DAMAGES

83.    Plaintiffs incorporate by reference all of the preceding paragraphs.

84.    Plaintiffs experienced, and in all likelihood will experience, at least great pain and suffering in the past and in the future, great mental anguish in the past and future, loss of enjoyment of life, loss of consortium, loss of financial support and household services, comfort, and love and society.

85.    Plaintiff seeks exemplary damages.

86.    Plaintiffs have been damaged by the loss of companionship, consortium, and support that would have been provided by Hector Salas, but for his preventable death while in custody.

87.    Hector Salas suffered great mental anguish and pain in the minutes and hours before his death and such is actionable through his estate and funeral expenses are recoverable as well.

## TOLLING PROVISIONS

88.    Tolling of the statute of limitations is required. Plaintiffs seek to plead any applicable tolling provisions against any defendant that might assert a bar to suit based on limitations since information involving Hector Salas' death is being withheld relating to the individuals involved, and additional details.

## ATTORNEYS' FEES

89.    Plaintiff is entitled to recover attorneys' fees and expenses under 42 U.S.C. § 1983 and §1988.

## JURY TRIAL

90.    Plaintiffs demand a trial by jury on all issues triable to a jury.

## PRAYER

91.    Plaintiffs pray the Court enter judgment and award damages for Plaintiffs against the Defendants; Plaintiffs pray that the Court finds that Plaintiffs are the prevailing parties in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against the Defendants; Plaintiffs pray that the Court award pre- and post-judgment interest; Plaintiffs pray that the Court award punitive damages against all individually named Defendants to Plaintiffs; Plaintiffs pray that the Court award costs of court; and Plaintiffs pray that the Court grant such other and further relief as appears reasonable and just, to which, Plaintiffs show himself entitled.

The Lewis Law Group, PLLC
By: /s/U.A. Lewis
U.A. Lewis
SBN 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
Attorney for Plaintiffs

County Auditor's Form/9999A
Harris County, Texas (Rev 04/01)

**Official Receipt**

101 NO. 876670

**MARILYN BURGESS DISTRICT CLERK**

Case: 201957573-7          Trans ID: 213190456          Court: 190

Action : NO FEE DOCUMENTS NOT ANSWERS

Style     PLT:  SALAS, HECTOR (SR) (INDIVIDUALLY AND AS REPRESENTA
          DEF:  CITY OF GALENA PARK

| Fee | Description | Amount |
|-----|-------------|--------|
| 118 | CERTIFIED MAIL SERVICE FEE | $75.00 |
| 121 | CITATION WITH 1 COPY | $16.00 |
| 179 | ELECTRONIC FILING FEE - DCO | $2.00 |
| 298 | SERVICE COPIES | $7.50 |
| 350 | CONST-PERSONAL SERVICE | $75.00 |
| 379 | SERVICE BY MAIL (DCO) | $15.00 |

Payment  Texas.gov American Express   10037/1/2023          $190.50
Amount Tendered :                                           $190.50
Payment Amount:                                             $190.50
Amount Applied:                                             $190.50
Change Amount:                                               $0.00

Received      The Lewis Law Group, PLLC          10029415
Of            9950 Westpark Dr. #104
              Houston, TX  77063
ONE HUNDRED NINETY  AND 50/100 *********************Dollars

Payment Date: 8/26/2019          File Date: 8/19/2019

Customer Signature _____

Assessed By: USER, CONVERSION
Validated: 8/26/2019     By :SYSTEM GENERATED, Texas.gov 101
Manual Receipt Nbr: 0

Comment:  Envelope number: 36273401 - 0

13-1 # 73663125
11-1 # 73663127

ENTERED _____
VERIFIED _____

TRN # 1131 2317

8/26/2019 1:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36273401
By: Adiliani Solis
Filed: 8/26/2019 1:25 PM

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 201957573        **CURRENT COURT:** 190

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): ORIGINAL PETITION/CITATION

**FILE DATE OF MOTION:** 08 / 19 / 2019
                        Month/    Day/    Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.   NAME: The City of Galena Park

     ADDRESS: 2000 Candle Hollow Dr. Spring, Tx 77547-2837

     AGENT, (*if applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- [ ] **MAIL**          [✓] **CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE**
- [ ] Type of Publication:          [ ] **COURTHOUSE DOOR, or**
                                    [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER**, *explain* _____

****************************************************************************** ****

2.   NAME: Chief Rick Gonzales

     ADDRESS: 2207 Clinton Dr. Galena Park, Tx 77547

     AGENT, (*if applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): ORIGINAL PETITION/CITATION

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [✓] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- [ ] **MAIL**          [ ] **CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE**
- [ ] **PUBLICATION:**
  Type of Publication:          [ ] **COURTHOUSE DOOR, or**
                                [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER**, *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _. U.A. LEWIS _____ TEXAS BAR NO./ID NO: 24076511

MAILING ADDRESS: PO BOX 27353 HOUSTON, TX 77227

PHONE NUMBER: 713-570-6555 FAX NUMBER: 713-581-1017

EMAIL ADDRESS: MYATTORNEYATLAW@GMAIL.COM

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO.  201957573

RECEIPT NO.                          75.00    CTM

**********                TR # 73663125

PLAINTIFF: ESTATE OF HECTOR SALAS JR      In The  190th
              vs.                             Judicial District Court
DEFENDANT: CITY OF GALENA PARK             of Harris County, Texas
                                         190TH DISTRICT COURT
                                         Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK MAY BE SERVED WHEREVER THE MAYOR MAY BE FOUND

     2000  CANDLE HOLLOW DR  SPRING  TX  77547 - 2837

     Attached is a copy of <u>ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 27th day of August, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
LEWIS, U. A.
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
<u>Bar No.:</u>  24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA  ULW//11312317

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
ORIGINAL PETITION
to the following addressee at address:

_____

_____
(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
     (2) TRCP, upon the Defendant as evidenced by the
         return receipt incorporated herein and attached
         hereto at

_____

on _____ day of _____, _____
by U.S. Postal delivery to _____

_____

This citation was not executed for the following
reason: _____

_____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

*73663125*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

CAUSE NO. 201957573

RECEIPT NO. 75.00 CTM
********** TR # 73663125

PLAINTIFF: ESTATE OF HECTOR SALAS JR     In The   190th
         vs.                      Judicial District Court
DEFENDANT: CITY OF GALENA PARK        of Harris County, Texas
                                          190TH DISTRICT COURT
                                          Houston, TX

**CITATION (CERTIFIED)**

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK MAY BE SERVED WHEREVER THE MAYOR MAY BE FOUND

    2000 CANDLE HOLLOW DR SPRING TX 77547 - 2837

    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 27th day of August, 2019, under my hand and seal of said Court.

Issued at request of:
LEWIS, U. A.
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA ULW//11312317

**CLERK'S RETURN BY MAILING**

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of ORIGINAL PETITION
to the following addressee at address:

_____

_____   ADDRESS

                           Service was executed in accordance with Rule 106
_____   (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached
(a)ADDRESSEE                hereto at

_____

                           on _____ day of _____, _____
                           by U.S. Postal delivery to _____

                           This citation was not executed for the following reason: _____

                           MARILYN BURGESS, District Clerk
                           Harris County, TEXAS

                           By _____, Deputy

N.INT.CITM.P                      *73663125*

7618  1830  0001  4424  4771

CAUSE NO.  201957573

RECEIPT NO.                              75.00     CTM
          **********                    TR # 73681362

PLAINTIFF: ESTATE OF HECTOR SALAS JR          In The   190th
           vs.                                Judicial District Court
DEFENDANT: CITY OF GALENA PARK                of Harris County, Texas
                                              190TH DISTRICT COURT
                                              Houston, TX

                   CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK
    C/O MAYOR ESMERALDA MOYA OF GALENA PARK
    OR WHEREVER THE MAYOR MAY BE FOUND

    2000 CLINTON DRIVE   GALENA PARK  TX  77547 - 3806

    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                      MARILYN BURGESS, District Clerk
LEWIS, U. A.                               Harris County, Texas
PO BOX 27353                               201 Caroline, Houston, Texas 77002
HOUSTON, TX  77227                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
Bar No.: 24076511                          Generated By: CHAMBERS, WANDA   ULW//11348336

Unofficial Copy Office of Marilyn Burgess District Clerk

CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 ORIGINAL PETITION
to the following addressee at address:

                                           ADDRESS
_____              _____
                                           Service was executed in accordance with Rule 106
(a) ADDRESSEE                                 (2) TRCP, upon the Defendant as evidenced by the
_____                 return receipt incorporated herein and attached
                                              hereto at
_____
                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____

                                           This citation was not executed for the following
                                           reason: _____
                                           _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

N.IN.CITM.P

*73681362*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CAUSE NO.  201957573

RECEIPT NO.                              75.00    CTM
          **********                    TR # 73681362

| | |
|---|---|
| PLAINTIFF: ESTATE OF HECTOR SALAS JR | In The    190th |
|               vs. | Judicial District Court |
| DEFENDANT: CITY OF GALENA PARK | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK
    C/O MAYOR ESMERALDA MOYA OF GALENA PARK
    OR WHEREVER THE MAYOR MAY BE FOUND

    2000 CLINTON DRIVE   GALENA PARK  TX  77547 - 3806

    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of October, 2019, under my hand and seal of said Court.

Issued at request of:
LEWIS, U. A.                              MARILYN BURGESS, District Clerk
PO BOX 27353                              Harris County, Texas
HOUSTON, TX  77227                        201 Caroline, Houston, Texas 77002
Tel: (713) 570-6555                       (P.O. Box 4651, Houston, Texas 77210)
Bar No.:  24076511
                                          Generated By: CHAMBERS, WANDA  ULW//11348336

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                      ADDRESS

_____          Service was executed in accordance with Rule 106
                                          (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                             return receipt incorporated herein and attached
                                          hereto at
_____          _____
                                      on _____ day of _____, _____
                                      by U.S. Postal delivery to _____

                                      _____
                                      This citation was not executed for the following
                                      reason: _____

                                      _____
                                      MARILYN BURGESS, District Clerk
                                      Harris County, TEXAS

                                      By _____, Deputy

N.INT.CITM.P                          "73681362"



2019-57573

08-28-19

Unofficial Copy Office of the District Clerk

U.S. Postal Service
CERTIFIED MAIL RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com

OFFICIAL USE

AUG 2 8 2019

Marilyn Burgess
District Clerk

Certified Mail Fee
$ 3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postmark
Here

HOUSTON CARRIER

CITY OF GALENA PARK
C/O MAYOR
2000 CANDLE HOLLOW DR
SPRING, TEXAS, 77547-2837

PS Form 3800, April 2015

7019 0140 0000 5734 8848

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.



2019-57573

10-07-19

Unofficial Copy Official Copy Marilyn Burgess District Clerk

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

OCT 0 7 2019

Certified Mail Fee

$ 3.50                                         19-57573-190

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $                    Postmark
☐ Certified Mail Restricted Delivery  $                    Here
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

CITY OF GALENA PARK
C/O MAYOR ESMERALDA MOYA OF GALENA
PARK
2000 CLINTON DRIVE
GALENA PARK, TEXAS 77547-3806

7018 1830 0001 4424 4771

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

CITY OF GALENA PARK
C/O MAYOR ESMERALDA MOYA OF GALENA
PARK
2000 CLINTON DRIVE
GALENA PARK, TEXAS 77547-3806

9590 9402 4604 8323 5931 75

2. Article Number

7018 1830 0001 4424 4771

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Maria Ramos

C. Date of Delivery

OCT 17 2019

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2019-57573

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4604 8323 5931 75

United States
Postal Service

MARILYN BURGESS
DIS RICT C
HARRIS COUNTY, TEXAS

2019 OCT 24   AM 8: 11

10-24-19

• Sender: Please print your name, address, and ZIP+4® in this box®

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

BY_____
MAIL PROCESSING ADMIN

10/24/2019 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37941797
By: Chandra Lawson
Filed: 10/24/2019 3:42 PM

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 201957573          **CURRENT COURT:** 190

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): ORIGINAL PETITION/CITATION

**FILE DATE OF MOTION:** 08 / 19 / 2019
          Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):
1.   NAME:  Chief Rick Gonzales
     ADDRESS:  8742 Yvonne Dr.
     AGENT, (if applicable):  Houston, Texas 77044-1342

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):
_____

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP**                    ☑ **CONSTABLE**
☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
☐ **MAIL**                                **CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE**
☐ Type of Publication: _____
                         ☐ **COURTHOUSE DOOR,  or**
                         ☐ **NEWSPAPER OF YOUR CHOICE:**
☐ **OTHER,** explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*

2.   NAME: _____
     ADDRESS: _____
     AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): ORIGINAL PETITION/CITATION

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
☐ **MAIL**                                **CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE**
   **PUBLICATION:**
   Type of Publication: _____
                         ☐ **COURTHOUSE DOOR,  or**
                         ☐ **NEWSPAPER OF YOUR CHOICE:**
☐ _____
   **OTHER,** explain _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
NAME:  _. U.A. LEWIS _____          TEXAS BAR NO./ID NO: 24076511

MAILING ADDRESS: PO BOX 27353 HOUSTON, TX 77227

PHONE NUMBER: 713-570-6555 FAX NUMBER: 713-581-1017

EMAIL ADDRESS: MYATTORNEYATLAW@GMAIL.COM

Unofficial Copy Office of Marilyn Burgess District Clerk

10/4/2019 11:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37388907
By: Adiliani Solis
Filed: 10/4/2019 11:24 AM

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 201957573                **CURRENT COURT:** 190

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): ORIGINAL PETITION/CITATION

**FILE DATE OF MOTION:** 08 / 19 / 2019
                         Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: The City of Galena Park
    ADDRESS: 2000 Clinton Drive, Galena Park, Tx 77547-3406
    AGENT, (if applicable): c/o Mayor Esmeralda Moya of Galena Park

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP            ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- ☐ MAIL            ☑ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
- Type of Publication:    ☐ COURTHOUSE DOOR,  or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

********************************************************************************

2.  NAME: _____
    ADDRESS: _____
    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): ORIGINAL PETITION/CITATION

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP            ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- ☐ MAIL            ☐ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
- ☐ PUBLICATION:
- Type of Publication:    ☐ COURTHOUSE DOOR,  or
                          ☐ NEWSPAPER OF YOUR CHOICE:
- ☐ _____
- OTHER, explain _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: . U.A. LEWIS _____  TEXAS BAR NO./ID NO: 24076511

MAILING ADDRESS: PO BOX 27353 HOUSTON, TX 77227

PHONE NUMBER: 713-570-6555  FAX NUMBER: 713-581-1017

EMAIL ADDRESS: MYATTORNEYATLAW@GMAIL.COM

Unofficial Copy Office of Marilyn Burgess District Clerk



2019-57573

P-18

**CERTIFIED MAIL**

FIRST-CLASS MAIL
neopost
08/28/2019
US POSTAGE $007.75
ZIP 77002
041M12252396

HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

7019 0140 0000 5914 9648

*Of Marilyn Burgess District Clerk*

170H

NSN 8/30/19

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 SEP -5 AM 9: 36

09-05-19

BY _____
MAIL PROCESSING ADMIN

*Unofficial Copy Office of Marilyn Burgess District Clerk*

CITY OF GALENA PARK
C/O MAYOR
2000 CANDLE HOLLOW DR
SPRING, TEXAS 77547-2837

DIXIE    773  DC 1    0003 31/19
RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD
BC:    77210465152    2091N243198-J9143

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.



Unofficial Copy Office of Marilyn Burgess District Clerk

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

CITY OF GALENA PARK
C/O MAYOR
2000 CANDLE HOLLOW DR
SPRING, TEXAS 77547-2837

9590 9402 4604 8323 5949 50

2. Article Number (Transfer from service label)
7019 0140 0000 5914 9648

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                     ☐ Agent
                                      ☐ Addressee
B. Received by (Printed Name)         C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type                       ☐ Priority Mail Express®
☐ Adult Signature                     ☐ Registered Mail™
☐ Adult Signature Restricted Delivery ☐ Registered Mail Restricted Delivery
☐ Certified Mail®                     ☐ Return Receipt for Merchandise
☐ Certified Mail Restricted Delivery  ☐ Signature Confirmation™
☐ Collect on Delivery                 ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

CAUSE NO.  201957573

RECEIPT NO.                          75.00    CTM
          **********               TR # 73663125

PLAINTIFF: ESTATE OF HECTOR SALAS JR          In The   190th
          vs.                                 Judicial District Court
DEFENDANT: CITY OF GALENA PARK                of Harris County, Texas
                                              190TH DISTRICT COURT
                                              Houston, TX

                    CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK MAY BE SERVED WHEREVER THE MAYOR MAY BE FOUND

    2000  CANDLE HOLLOW DR   SPRING  TX  77547 - 2837

    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 27th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                         MARILYN BURGESS, District Clerk
LEWIS, U. A.                                  Harris County, Texas
PO BOX  27353                                 201 Caroline, Houston, Texas 77002
HOUSTON, TX  77227                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
Bar No.: 24076511                             Generated By: CHAMBERS, WANDA  ULW//11312317

                    CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 ORIGINAL PETITION
to the following addressee at address:

_____
                                  ADDRESS
_____
                                  Service was executed in accordance with Rule 106
(a)ADDRESSEE                         (2) TRCP, upon the Defendant as evidenced by the
_____            return receipt incorporated herein and attached
                                     hereto at
_____
                                  on _____ day of _____, _____
                                  by U.S. Postal delivery to _____

                                  This citation was not executed for the following
                                  reason: _____

                                  MARILYN BURGESS, District Clerk
                                  Harris County, TEXAS

                                  By _____, Deputy

N.INT.CITM.P                      "73663125"

8/19/2019 10:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36083618
By: Joshua Hall
Filed: 8/19/2019 10:24 AM

## *2019-57573 / Court: 190*

### CAUSE NO. _____

| | | |
|---|---|---|
| ESTATE OF HECTOR SALAS, JR., | § | IN THE DISTRICT COURT OF |
| HECTOR SALAS SR., as | § | |
| representative and individually, | § | _____ JUDICIAL DISTRICT |
| ANDREA SILVA individually, and | | |
| A/N/F for H.S., and A.S., CYNTHIA | § | |
| MONTIEL A/N/F for E.S., | § | |
| *Plaintiffs,* | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| THE CITY OF GALENA PARK, | § | |
| CHIEF RICK GONZALES, and | § | |
| DOES 1-5 | | |
| *Defendant.* | | |

### ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now ESTATE OF HECTOR SALAS, JR., HECTOR SALAS SR., as

representative and individually, ANDREA SILVA individually, and as next friend

for H.S., and A.S., CYNTHIA MONTIEL as next friend for E.S., (collectively

"Plaintiffs") complaining of THE CITY OF GALENA PARK, TEXAS ("Galena

Park"), and OFFICER DOE files this, their Original Petition.

### INTRODUCTION

1.     Hector Salas Jr., the father of three, died November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect, and ignoring the medical and mental healthcare needs of Hector Salas, resulting in his suicide.

2.     Hector was placed in custody because he was suicidal. His wife, Andrea Salva, called the police because he had taken a handful of pills.

3.     He was taken to Ben Taub then released. She called them again the next day because he was still suicidal. The jail noted he was suicidal upon intake.

4.     A surveillance camera captured Salas' suicide attempts and suicide on video.

5.     He was in the cell alone and for enough time to tear mattress fabric apart into thin strips.

6.     He created a noose that he put around his neck on one end and the other on the jail cell door.

7.     He was not successful initially because the mattress fabric strips could not support his weight and broke.

8.     He was able to try again but was again unsuccessful.

9.     He made a third suicide attempt, this time he created and used a much thicker mattress fabric strip.

10.     He tied it to the jail cell door and then placed the open knot end around his neck.

11.     He used toilet water to cover the floor to cause the floor to be slippery.

12.     He was successful on the third attempt.

13.     Jail surveillance cameras captured the incident.

14.     Galena Park is withholding the video even after the Attorney General's initial ruling that it had to be released.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiffs' state and federal claims, under 28 U.S.C. § 1331 and 2201, 42 U.S.C § 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiffs' federal law claims.

16.     Venue is proper in this because the incidents at issue took place in Harris County, Texas.

## PARTIES

17.     Plaintiff, HECTOR SALAS, individually and as Representative of the Estate of Hector Salas Jr.

18.     Plaintiff, ANDREA SILVA, individually and as next friend for H.S., and A.S.

19.    Plaintiff, CYNTHIA MONTIEL, as next friend for E.S.

20.    Defendant, CITY OF GALENA PARK,  is and was at all times relevant to this action a governmental entity and is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever the mayor may be found.

21.    Defendant, RICK GONZALES,  is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he may be found.

22.    Defendants, DOES 1-5, is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he or she may be found.

## ADDITIONAL FACTS

23.    31-year-old Hector Salas Jr. was a father of three, a husband, son, brother, and beloved friend.

24.    He died on November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect him, ignoring the medical and mental healthcare needs of Hector Salas.

25.    Hector was in the custody of Galena Park because he was suicidal.

26.     His wife, Andrea Salva, called the police because he had taken a handful of pills.

27.     His wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

28.     He was taken to Ben Taub then released, without observation or treatment.

29.     She was forced to call Galena Park again the next day because he was still suicidal. His behavior was not usual.

30.     Hector was taken into custody by Galena Park.

31.     The jail noted that he was suicidal upon intake.

32.     He was placed in a cell alone.

33.     He was left alone for enough time to tear mattress fabric apart into thin strips.

34.     He created a noose that he put around his neck on one end and the other on the jail cell door.

35.     He tried to strangle himself.

36.     He was not successful in strangling himself initially because the mattress fabric strips could not support his weight and broke.

37.     He had time to try again but was again unsuccessful.

38.    He had time to create and used a much thicker mattress fabric strip.

39.    He had time to tie his newly created stronger noose strips to the jail cell door and then placed the open knot end around his neck.

40.    He had time to glaze toilet water over the floor to cause the floor to be slippery.

41.    He had time to make a third suicide attempt and was successful.

42.    A surveillance camera captured Salas' suicide attempts and suicide on video.

43.    According to the medical examiner, the manner of death is suicide by hanging:

A. HANGING:

The body is received with six segments of blue synthetic plastic-type material that have been previously cut:
1.    A 49 by 5 inch sheet bunched together with clear tape at one end and in the middle.
2.    A 66 by 30 inch sheet.
3.    A 14 by 1/2 inch strip with two knots.
4.    A 12 inch strip ranging in width between 1/4 of an inch and 1/2 of an inch with multiple knots.
5.    A 16 by 3/4 of an inch strip with one knot.
6.    A 17-1/2 by 1/2 of an inch strip with one knot.

44.    Hector Salas Jr. also had incised wounds on both arms from his wrist to his forearms noted and an additional indication of a previous suicide attempt, and more indication that his serious medical need was ignored.



45.     Galena Park continued to withhold documents and video footage even after the Attorney General's initial ruling that it had to be released.

## CLAIMS

## CITY OF GALENA PARK  42 U.S.C. SECTION 1983 CONSTITUTIONAL

## VIOLATIONS OF HECTOR SALAS'S CIVIL RIGHTS

46.     Plaintiffs incorporate by reference all of the preceding paragraphs.

47.     Plaintiffs also bring claims for violations of Hector Salas's Fourth, Eighth and Fourteenth Amendment rights.

*Failure to train its officers—an omission—led to a violation of the constitutional right*

48.     Galena Park and each defendant were acting under color of state law and,

therefore, is liable under 42 U.S.C. § 1983.

49.    Galena Park is liable under Section 1983 because it deprived Hector Salas of constitutional rights provided by federal law that occurred under color of state law and were caused by its employees, government actors.

50.    Hector Salas had a right under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution while incarcerated to be free from indifference to his medical and mental health needs.

51.    Hector Salas's death while in custody was preventable.

52.    Galena Park was indifferent to Hector Salas' serious medical needs, mental health needs and protection.

53.    Defendant Galena Park as a matter of policy, practice, custom and/or procedure did not have adequate staffing, had a practice and custom of not doing rounds, had a custom and practice of not checking to see if detention officers were doing rounds, and failed to provide and maintain adequate equipment to prevent suicide.

54.    Defendant Galena Park failed to train and failed to adequately supervise its jail detention officers and employees and agents.

55.    Prior to his death, Hector Salas did not receive adequate medical care for his risk of suicide, and symptoms.

56.    His death was due to the acts and omissions of Galena Park and those acts and omissions violated his constitutional right to due process, to be free from unreasonable search and seizure; and right to adequate medical care under the constitution.

*Failure-to-protect*

57.    Galena Park failed to properly and adequately train its officers to protect its inmates from the risk of serious harm in the form of self-inflicted suicide despite the obvious risk of harm, thereby failing to protect its inmates and deliberately indifferent to Hector's risk of harm.

*Failure-to-supervise*

58.    Galena Park is not responsible based on Respondeat Superior rather because it failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

*Deliberate indifference to serious-medical-needs*

59.    Galena Park's failure to supervise amounted to deliberate indifference to Hector Salas' medical needs

60.    Galena Park denied Hector Salas medical care for his serious medical need, thereby resulting in the constitutional violation that caused his death.

*Conditions of Confinement*

61.    Galena Park placed Hector Salas in a cell where he could not be observed by others could be alerted to prevent his death.

62.    Galena park placed Hector Salas in a cell with plastic and other materials he could use to make a noose to assist in his suicide.

### CHIEF RICK GONZALEZ

63.    Chief Rick Gonzalez is not responsible based on Respondeat Superior rather because he failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

64.    He further failed to train his subordinate officers on protecting inmates from serious harm.

65.    Chief Gonzalez is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law as the chief of the Galena Park police department.

### OFFICER DOES' CONSTITUTIONAL VIOLATIONS

*Failure to Protect Claims*

66.    Protecting inmates from the risk of harm from others and themselves and

recognizing a serious medical, including mental health needs, is *required* training for all jail officers.

67.     Officer Doe would not be entirely responsible for Salas' death if the City of Galena Park failed to train her on inmate suicide prevention properly, or treatment of inmates with serious medical needs, mental health concerns, and protecting inmates like Hector Salas from a substantial risk of serious harm.

68.     On November 30, 2018, it was "well established" that a risk of suicide by an inmate, like this a serious medical need.

69.     Officer Doe had individual-specific knowledge of the threat of serious harm by suicide since his wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

70.     Officer Doe failed to check Hector Salas for a substantial length of time, a general risk that all prisoners in Hector's particular situation faced He should have been on suicide watch while he was awaiting transport to the Harris County Jail or provided mental health treatment.

71.     Officer Doe should have training in suicide and mental health training, any lack of expertise or experience that might limit Officer Doe's ability to evaluate potential harm and thereby her failure to protec.

72.     Despite the obvious risk she disregarded the risk she failed to provide even an essential response of checking on him at all.

## WRONGFUL DEATH

73.     Wrongful Death Statute The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section.

74.     The Plaintiffs bring this wrongful death action pursuant to the Texas Civil Practice and Remedies Code § 71.004 (c). Pursuant to Texas Civil Practice and Remedies Code § 71.002, and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

75.     Hector Salas died as a result of the Defendants' deliberate indifference, reckless, wrongful acts and omissions, neglect, and carelessness actions. He would have been entitled to bring this action against Defendants if he had lived.

76.     A reasonable and competent member of the law enforcement profession would have exercised under similar circumstances duties to: provide adequate medical care, not impose cruel and unusual punishment; Exercise ordinary or reasonable care; exercise the degree of care, skill, and competence that a reasonable officer would exercise.

77.    The Defendants breached all of their duties. The Defendants' acts and omissions, jointly and severally, proximately caused injury and death to Hector Salas.

78.    The Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

## SURVIVAL CLAIM

79.    The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section. Pursuant to Texas Civil Practice and Remedies Code § 71.021 and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

80.    Hector Salas had causes of action for personal injury to his person under the Texas Tort Claim Act, and 42 U.S.C. § 1983 before he died.

81.    Hector would have been entitled to bring an action for the injury if he had lived, namely pain and suffering, as a result of the negligence and civil rights violations.

82.    The Defendants' wrongful acts and omissions, jointly and severally, caused Hector's injuries for which the Plaintiffs sue for all damages allowed by law.

## DAMAGES

83. Plaintiffs incorporate by reference all of the preceding paragraphs.

84. Plaintiffs experienced, and in all likelihood will experience, at least great pain and suffering in the past and in the future, great mental anguish in the past and future, loss of enjoyment of life, loss of consortium, loss of financial support and household services, comfort, and love and society.

85. Plaintiff seeks exemplary damages.

86. Plaintiffs have been damaged by the loss of companionship, consortium, and support that would have been provided by Hector Salas, but for his preventable death while in custody.

87. Hector Salas suffered great mental anguish and pain in the minutes and hours before his death and such is actionable through his estate and funeral expenses are recoverable as well.

## TOLLING PROVISIONS

88. Tolling of the statute of limitations is required. Plaintiffs seek to plead any applicable tolling provisions against any defendant that might assert a bar to suit based on limitations since information involving Hector Salas' death is being withheld relating to the individuals involved, and additional details.

## ATTORNEYS' FEES

89.   Plaintiff is entitled to recover attorneys' fees and expenses under 42 U.S.C. § 1983 and §1988.

## JURY TRIAL

90.   Plaintiffs demand a trial by jury on all issues triable to a jury

## PRAYER

91.   Plaintiffs pray the Court enter judgment and award damages for Plaintiffs against the Defendants; Plaintiffs pray that the Court finds that Plaintiffs are the prevailing parties in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against the Defendants; Plaintiffs pray that the Court award pre- and post-judgment interest; Plaintiffs pray that the Court award punitive damages against all individually named Defendants to Plaintiffs; Plaintiffs pray that the Court award costs of court; and Plaintiffs pray that the Court grant such other and further relief as appears reasonable and just, to which, Plaintiffs show himself entitled.

The Lewis Law Group, PLLC
By: /s/U.A. Lewis
U.A. Lewis
SBN 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
Attorney for Plaintiffs

10/25/2019 4:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37985183
By: Chandra Lawson
Filed: 10/25/2019 4:21 PM



# THE LEWIS LAW GROUP PLLC.

**99 DETERING #100, HOUSTON, TX 77007**
**MYATTORNEYATLAW@GMAIL.COM**
**OFFICE TELEPHONE 713-570-6555**
**FACSIMILE 713-581-1017**

**SHARDAE PARKER 713-570-6555**                    **U.A. LEWIS 713-570-6555**

October 25, 2019

RE: Case No. 201957573

Shandra,

Per our phone conversation, I am submitting this cover letter to accommodate the service request previously submitted (Envelope # 37941797). Please apply the additional service fees to the reference service request, thank you for your time and assistance in this matter.

Gabrielle Strange
Legal Assistant
gabrielles@thelewislaw.com
713-570-6555

Unofficial Copy Office of Marilyn Burgess District Clerk

Harris County Docket Sheet

# 2019-57573

**COURT:** 190th
**FILED DATE:** 8/19/2019
**CASE TYPE:** OTHER CIVIL



## ESTATE OF HECTOR SALAS JR

Attorney: LEWIS, U. A.

### vs.

## CITY OF GALENA PARK

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

Unofficial Copy Office of Marilyn Burgess District Clerk