UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
December 31, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| Estate of Hector Salas, Jr., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | Civil Action H-19-4479 |
| | § | |
| The City of Galena Park, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1.  *Background.*

In November 2018, Hector Salas, Jr., took a handful of pills in an attempt to take his own life. His wife, Andrea Silva, called the Galena Park police. The police took him to Ben Taub Hospital, but he was released without observation or treatment. The next day, Silva called the police again because Salas's behavior was "unusual." The police again took Salas into custody.

The officers noted Salas was suicidal during intake and placed him in a cell alone. Salas attempted to commit suicide in his cell twice by hanging himself using mattress fabric strips, but the strips could not support his weight. It was only on his third attempt, when Salas created much thicker strips, made the floor slippery with water from the toilet, and tied the strips to the cell door that Salas was able to hang himself. A surveillance camera captured Salas's suicide.

Salas's father, Hector Salas, Sr., individually and as the representative of Salas's estate; his wife Andrea Silva, individually and as the representative of two of Salas's children; and Cynthia Montiel, as the representative of Salas's third child; sued the City of Galena Park. The City moved to dismiss this case under rule 12(b)(6).

2. *The City of Galena Park.*

To establish the City's liability, the plaintiffs must show that a city policy – rather than individual misconduct – caused a constitutional violation.[1] The plaintiffs say the City failed to train and adequately supervise its officers, failed to protect Salas from the risk of suicide, and denied him mental health care.

The plaintiffs also say the conditions of confinement violated Salas's constitutional rights because his cell could not be observed by others. They admit that the surveillance camera captured the suicide, but they complain that jail officials were not monitoring it at the time Salas hanged himself.

These claims require the plaintiffs plead facts showing that the City acted with deliberate indifference. The plaintiffs must show that the City's policymaker was aware or should have been aware of a pattern of similar constitutional violations caused by the operation of the City's policies. Because Salas was a pretrial detainee, all of the plaintiffs' claims must be analyzed under the Fourteenth Amendment.[2]

The plaintiffs respond to the City's motion to dismiss by summarily asserting that the City had policies of inadequately staffing the City jail, not properly training officers on routinely checking on pretrial detainees with mental health problems, and not monitoring whether cell checks were completed by staff. They say the City violated Salas's constitutional rights by not giving him mental health treatment and failing to have adequate suicide prevention equipment.

No constitutional right to the proper implementation of adequate suicide prevention protocols for pretrial detainees exists.[3] Psychological screening, continuous monitoring, and the removal of clothing that could be used to inflict self-harm are among the protocols that are not constitutionally required for pretrial detainees.

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
[2] *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).
[3] *Taylor v. Barkes*, 575 U.S. 822, 135 S. Ct. 2042, 2044 (2015).

The plaintiffs say the City violated Salas's constitutional rights by not giving him mental health treatment the night he was placed in custody, placing him in a cell with a mattress and a toilet, and not continuously observing him. Even when accepted as true, the plaintiffs' allegations do not state a viable constitutional rights violation.

The plaintiffs also plead no facts showing that the City acted with deliberate indifference. The plaintiffs do not allege that other suicides have occurred at the jail because officers placed pretrial detainees in cells with mattresses and toilets or due to a failure to continuously monitor pretrial detainees. The plaintiffs only offer conclusory assertions that the City inadequately staffed the jail and did not properly train officers. This evidence is inadequate to plausibly claim deliberate indifference.

Finally, the plaintiffs have waived their state-law negligence claim by admitting that it does not fall under the state's limited waiver of sovereign immunity.

Since the plaintiffs do not support their constitutional claims with factual allegations, they fail.

3. *Conclusion.*

Because the Estate of Hector Salas, Jr., has not stated a claim, the case is dismissed with prejudice.

Signed on December 30, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge