United States District Court
Southern District of Texas
**ENTERED**
November 22, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Estate of Hector Salas, et al., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-19-4479 |
| | § | |
| City of Galena Park, et al., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendant Cynthia Lorena Jiménez's[1] Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 55. The motion is before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Because Plaintiffs' claims are barred by the two-year statute of limitations, the court recommends that the motion be **GRANTED**.

### 1. Background

The procedural history of this case and its later-filed companion case is complex. Resolution of the statute of limitations question now before the court requires a full understanding of the various filings and rulings in both this court and the Court of Appeals. The court therefore must delve into the history of this case in some detail.

In both cases, Plaintiffs the Estate of Hector Salas, Jr., Hector Salas, Sr., Andrea Silva, and Cynthia Montiel (the Estate) seek damages stemming from Hector Salas, Jr.'s (Salas) death by

---

[1] Despite the Estate's repeated efforts to name multiple defendants in its post-appeal amended complaint, the only remaining defendant is Cynthia Jiménez. *See Salas v. City of Galena Park*, Nos. 21-20170, 21-20333, 2022 WL 1487024, at *7 (5th Cir. May 11, 2022); ECF No. 54 at 4; ECF No. 63 at 3–4; *cf.* ECF Nos. 47, 50, 55.

suicide while he was in the City of Galena Park's (the City) custody. On August 19, 2019, the Estate sued the City, Chief Rick Gonzalez, and five unnamed officers (Does 1–5) in Texas state court under 42 U.S.C. § 1983 and the Texas Wrongful Death Act. *See* ECF No. 1-1 at 9–23. On November 14, 2019, the City, the only defendant that had been served at the time, removed the case to this court based on federal question jurisdiction. *See* ECF No. 1.

On November 21, 2019, the City filed a motion to dismiss arguing that the Estate failed to state any constitutional violation caused by a municipal policy or to state any claim under Texas law. ECF No. 5. On December 6, 2019, the court held an initial conference at which the court and counsel discussed how to proceed with the litigation. *See* Dec. 9, 2019 Dkt. (text entry); ECF No. 9. The court entered a Management Order requiring that certain disclosures and discovery be produced.[2] *See* ECF No. 9. Notably, the court ordered the City to produce "all forwarding addresses and location data of the fired deputy for the deposition to be taken by February 19, 2020."[3] ECF No. 9 at 1–2. The court stated in the Management Order that "We will discuss whether she [the fired deputy] will be added as a party after she is deposed." *Id.*

---

[2] As the court understands the record, the parties agreed to the Management Order. *See* ECF No. 20 at 2 ("The parties' counsel also agreed during the case management and scheduling conference to abide by the Court's direction to further develop[] the factual aspects of the case to determine whether any basis exists for adding any party to the litigation by the parties' exchanging disclosures and deposing [Jiménez] . . . ."); ECF No. 32 at 2 (same).

[3] The Management Order does not name the fired deputy to whom it applies, and the record suggests that it may have been either Jiménez or Adrian Herrera. *See, e.g.,* ECF No. 9 at 2–3; ECF No. 11 at 2; *cf. Salas,* 2022 WL 1487024, at 2 n.2 ("The record is unfortunately inconclusive as to who, if anyone specifically, the district court instructed the Estate to depose."). The live pleading names both. *See* ECF No. 55. Nothing in the record indicates that the Estate deposed either one. *Cf. Salas,* 2022 WL 1487024, at *2 (stating that it does not appear that the Estate deposed Jiménez or Herrera). The Estate does not represent that it did.

On December 12, 2019, the deadline to respond to the motion to dismiss, the Estate moved for an extension of time. *See* ECF No. 11. The Estate explicitly asserted that "[t]he requested extension will not affect the pending deadlines" and that the City "[is] not prejudiced by the extension of the response [time] since the opportunity to file a Reply [to] the Motion[] . . . will be extended also." *Id.* at 1–2. The Estate stated that it intended to amend its complaint and confirmed that it knew "this court requires leave to amend and . . . would prefer time to conduct discovery, namely the deposition of Officer Herrera." *Id.* at 2. The Estate also stated that, because "much discovery was necessary[,]" it was unable "to adequately respond to the pending motion to dismiss without amending the complaint." *Id.* at 2. The Estate did not, however, request leave to amend. *See id.* Nor did the Estate raise any objection to the court's requirement that the fired officer be deposed as an apparent condition precedent to seeking leave to amend. Four days later, the court extended to February 23, 2020, the deadline for the Estate to respond to the motion to dismiss. ECF No. 12.

On February 21, 2020, more than two months after the court entered the Management Order and two days after the deadline for the officer's deposition, the parties reported that they had partially completed the court-ordered discovery. *See* ECF No. 13. The parties also reported that the City had provided location information for the officers who were on duty at the time of Salas's suicide. *See id.* There was no mention of any officer's deposition. *See id.* On February 23, 2020, which was the extended deadline for the Estate to respond to the motion to dismiss, the Estate requested that the deadline be extended by one day "or until the plaintiffs are able to locate Cynthia Jiménez and conduct her

deposition."[4] ECF No. 14 at 1. Without mentioning that the deadline for the deposition had already passed, the Estate represented that the extension would not affect the pending deadlines. *Id.* The Estate repeated its intention to amend, stating that it intended to add the police chief as a defendant, and repeated its inability to respond to the motion to dismiss without more discovery. *Id.* at 2. Moreover, the Estate again acknowledged the court's requirement that the plaintiff request leave before amending but did not request leave to amend. *Id.* at 2. Again, the Estate did not object to the court requiring that Jiménez be deposed before amendment. In fact, the Estate explained that it "would prefer time to conduct discovery, namely the deposition of Officers Herrera and Jiménez." *Id.*

Despite the above representations, the Estate did not respond to the motion to dismiss on the following day as promised but instead, on February 24, 2020, filed, *without seeking leave to amend*, an amended complaint (First Amended Complaint). ECF No. 15. By then, three months had passed since the City filed the motion to dismiss. In the First Amended Complaint, the Estate sought to add Jiménez, whom the City had identified as one of the officers on duty at the relevant time and Rodney Chersky, who was Jiménez's supervisor at the time. *See id.* On the same day, the court signed an order extending the deadline for the Estate to respond to the motion to dismiss to March 6, 2020. *See* ECF No. 16. The Estate filed its response on March 6, 2020. *See* ECF No. 19. Three days later, the City filed a motion to strike the First Amended Complaint arguing, that, under Federal Rule of Civil Procedure 16, the Estate failed to show good cause for not complying with the Management Order and that the Estate failed

---

[4] Obviously, by this point the Estate had identified Cynthia Jiménez as the "fired officer."

to seek leave to amend. *See* ECF No. 20. Eight days later and before the running of the response time, the court struck the First Amended Complaint without explanation. ECF No. 22. The court, however, did offer the Estate an opportunity to move for leave to amend *after* Jiménez's deposition. *Id.* The Estate again did not object to the court's requirement that Jiménez be deposed before amendment would be permitted.

Two months later, on May 18, 2020, the court held a pre-trial conference to, among other things, "decide motions[.]" ECF No. 23; *see also* ECF No. 25. The Estate's attorney failed to appear in person, and court staff contacted her by phone. *See* ECF No. 26. The Estate's counsel stated that she did not realize the courthouse was open (due to COVID-19) and could not appear in person. *See id.* The Estate's counsel then filed a motion to appear by phone, which the court denied. *See* ECF Nos. 24, 26–27. The court took the City's motion to dismiss under advisement. *See* ECF No. 25. Except for a notice of appearance filed the following day, the docket was thereafter dormant from mid-May 2020 to the end of December 2020. On December 1, 2020, however, the Estate filed a "very similar lawsuit in state court" naming James Knox, chief of police, and police officers Herrera and Jiménez as defendants (Officer Suit). *Salas v. City of Galena Park*, Nos. 21-20170, 21-20333, 2022 WL 1487024, at *3 (5th Cir. May 11, 2022). The defendants removed the Officer Suit to federal court, which was thereafter related to the City case and assigned to the same district judge. *Id.*

On December 30, 2020, the district court dismissed the federal claims against the City under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. ECF Nos. 29, 30. The court reasoned that "[n]o constitutional right to proper implementation of adequate suicide prevention protocols for pretrial detainees exists" and that the Estate failed to plead "facts

showing that the City acted with deliberate indifference." ECF No. 29 at 2–3. The court also held that "the plaintiffs . . . waived their state-law negligence claim by admitting that it [did] not fall under the state's limited waiver of sovereign immunity." *Id.* at 3.

On January 27, 2021, the Estate moved for reconsideration under Rule 59(e), arguing that the facts alleged did state plausible constitutional claims against the City, and that the First Amended Complaint should have been accepted as filed as a matter of course under Rule 15(a)(1). *See* ECF No. 31. Alternatively, the Estate moved for post-judgment leave to amend. *See id.* This was the *first and only* motion for leave to amend that the Estate filed. In response to the Rule 59(e) motion, the City focused in part on the Estate's failure to comply fully with the Management Order and other procedural missteps. *See* ECF No. 32 at 1–6. The City also argued that Rule 15(a)(1) did not allow the Estate to file the First Amended Complaint without either the City's consent or leave of court. *Id.* at 6–7. There was no mention of the statute of limitations in the context of whether the post-judgment amendment should have been allowed. The court denied the motion for reconsideration in full. ECF No. 33.

The Estate appealed the district court's Rule 59(e) order denying reconsideration. *See* ECF No. 36. On appeal, the Fifth Circuit consolidated this case and the later-filed Officer Suit. *See Salas*, 2022 WL 1487024, at *3. Relevant to the instant motion to dismiss, the Fifth Circuit determined in the context of the later-filed Officer Suit that Salas's claim accrued on December 1, 2018, and that the limitations period expired on November 30, 2020. *Id.* at *8. The Fifth Circuit acknowledged that no circuit precedent had decided whether extending time to respond to a Rule 12(b) motion extended time to amend as a matter of course. *Id.* at *6. Under the circumstances of the case, however, the Fifth Circuit found that the district court's extensions of response time did not

automatically enlarge the time in which the Estate could amend its petition as a matter of course. *Id.*

The Fifth Circuit also held in this case that the Estate abandoned "whatever state law claims the Estate could have appealed" because it did not challenge the district court's ruling that the Estate had waived those claims. *Salas,* 2022 WL 1487024, at *2 n.4. The Fifth Circuit also affirmed dismissal of the constitutional claims against the City for "failure to adequately plead *Monell* liability" and reversed the denial of post-judgment leave to amend. *Id.* at *8. The Fifth Circuit remanded the case for amendment to add one of the individual officers—Jiménez—and to state additional facts about her alleged involvement in Salas's death. *See id.* at *7–8. In the Officer Suit, the Fifth Circuit affirmed dismissal because the suit was filed on December 1, 2020, just after the expiration of the limitations period.

After remand, on January 27, 2023, the Estate filed an amended complaint titled "First Amended Complaint," which is now the Plaintiffs' live pleading. ECF No. 55. As mentioned, there was some dispute about which claims and parties the Court of Appeals had left standing. *See* n. 1, *supra.* The undersigned entered an order finding that only Jiménez remained and that the document titled First Amended Complaint, ECF No. 55, was the Plaintiffs' live pleading in the case. ECF No. 63. To avoid any further confusion in an already confusing case, because the Estate filed two documents titled "First Amended Complaint," ECF Nos. 15, 55, the first of which the court struck before the case was appealed and the second of which was filed after the case was remanded, the court hereinafter refers to the live pleading, ECF No. 55, as the "Post-Remand Amended Complaint."

On March 20, 2023, Defendant Jiménez filed the instant motion to dismiss the Estate's Post-Remand Amended Complaint. Jiménez argues that the Estate's Section 1983 claim was filed

7

outside the applicable limitations period and that the Estate failed to plead facts giving rise to a plausible claim that Jiménez violated Salas's rights or acted in contravention to clearly established law. *See* ECF No. 65 at 12–17. Defendant Jiménez also argues that the Estate's claims under the Texas Wrongful Death Act are barred by governmental immunity. *See id.* at 17–18.

### 2. Motion to Dismiss Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.*

The court also may dismiss a complaint "under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred [by limitations] and the pleadings fail to raise some basis for tolling or the like." *Salas*, 2022 WL 1487024, at *8 (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

### 3. *Analysis*

#### A. *Limitations*

Because federal law does not provide a limitations period for Section 1983 claims, "courts look to the statute of limitations for personal injury actions of the forum state," which in Texas is two years. *Salas*, 2022 WL 1487024, at *8 (citing *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008)). Under federal law, which determines when the limitations period begins to run, the accrual date is when the plaintiff has: (1) knowledge of an injury—as opposed to knowledge of a legal claim; and (2) knowledge of the person who inflicted the injury. *Id.* Under Texas law, the limitations period includes the day of accrual. *Id.*

In this case, the Fifth Circuit acknowledged that it "has not articulated the precise contours of when a protection from self-harm claim accrues" but assumed that Salas's claim accrued, at the latest, at the time of his death. *Id.* The Fifth Circuit concluded that that Salas's claim accrued "shortly after midnight on November 30, 2018." *Id.* Thus, the law of the case is that the limitations period began on December 1, 2018, and ended on November 30, 2020. *See id.* The question is whether the Estate sued Jiménez before the limitations period expired. It did not.

The Estate filed its original petition in state court on August 19, 2019, well within the limitations period. ECF No. 1-1. But that petition did not name Jiménez, although it did name Does 1–5. *Id.* The Estate first named Jiménez as a Defendant in its First Amended Complaint, filed on February 24, 2020, also within the limitations period. ECF No. 15. That First Amended Complaint

was filed without seeking leave, however, and it was struck from the docket. ECF No. 22. The first time that the Estate sought leave to amend was in its post-judgment Rule 59 motion, filed on January 27, 2021—well outside the limitations period. ECF No. 31. The court will next analyze how each of these events affects the statute of limitations.

### B. Relation Back

In its briefing before this court, the Estate does not take the position that either the post-judgment request for leave to amend or the Post-Remand Amended Complaint itself was filed within the limitations period but, rather, that the Section 1983 claims set forth in the Post-Remand Amended Complaint relate back to the original petition filed in state court. *See* ECF No. 66 at 7–12 (stating in a section heading that the claims against Jiménez "are not time-barred under the statute [of] limitations because they 'relate back' to the original pleading").

Federal Rule of Civil Procedure 15(c)(1)(C) states that an amendment relates back to the date of the original pleading when, among other things, the newly named party had timely notice "that the action would have been brought against it, but for a mistake concerning the proper party's identity." The Fifth Circuit has explained that:

> When a plaintiff adds a defendant after the limitations period has run, Rule 15(c) allows the plaintiff to relate the claims filed against the new defendant back to the date of the original filing. *See* Fed. R. Civ. P. 15(c). . . . Rule 15(c) is meant to "correct a *mistake* concerning the identity of the party." [*Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998).] "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.*

10

*Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470 (5th Cir. 2019). An amendment to substitute a named defendant for a John Doe defendant does not relate back to the filing of the original complaint. *Id.* at 471. Failure to identify an individual defendant does not qualify as a "mistake" under Rule 15(c). *Id.*

Here, when originally filed, the Estate did not know Jiménez's identity. The Estate's original petition named the officers as "Does 1–5." *See* ECF No. 1-1 at 9–23. There was never a mistake about Jiménez's identity. It is also clear that Jiménez's identity was known to the Estate for many months before the limitations period expired. The Estate has cited no legal principle that would allow the court to find the Post-Remand Amended Complaint relates back to the original state court petition.

### C. Amendment as a Matter of Course

Although the Estate does not make the argument, the court addresses nevertheless whether First Amended Complaint (filed without seeking leave) stopped the running of the limitation period. Under Rule 15(a)(1), a party may amend its pleading once as a matter of course either twenty-one days after serving it or twenty-one days after a responsive pleading is filed. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Estate argued on appeal that the First Amended Complaint should have been accepted as filed as an amendment as a matter of course, but the Fifth Circuit rejected that argument under the facts of this case. *Salas*, 2022 WL 1487024, at *6. The court is bound by the Fifth Circuit's ruling. Because the First Amended Complaint was not filed as a matter of course, leave to amend was required. When leave to amend is required, an amended complaint filed without leave has no legal effect and does not stop the running of the statute of limitations. *United States ex rel. Mathews v. Healthsouth Corp.*, 332 F.3d 293, 296–97 (5th Cir.

2003) (so holding and explaining that allowing an unauthorized amended complaint to toll the limitations period would prejudice the defendant). The First Amended Complaint therefore did not stop the running of the limitations period.

### D. The Post-Remand Motion for Leave to Amend

Having rejected the argument that the First Amended Complaint was properly filed as a matter of course, the court of appeals turned to whether the post-judgment motion for leave to amend should have been granted. The court found that it should have been. *Salas*, 2022 WL 1487024, at *7.

It is important to note what was before the circuit and what was not. The Fifth Circuit did not address whether the amended complaint would be barred by limitations or would relate back to the original petition. Those issues were not before the Fifth Circuit. The only question before the Fifth Circuit with respect to post-judgment amendment was whether the amended complaint would state a section 1983 claim. The Fifth Circuit reviewed the stricken First Amended Complaint, the only amendment on file[5] and determined that it did state a claim against Cynthia Jiménez. *Salas*, 2022 WL 1487024, at *7. The limitations issue was raised and briefed only in the Officer Suit, and the Fifth Circuit held that the Officer's Suit was filed outside the limitations period. Thus, the Fifth Circuit left open the question whether the Post-Remand Amended Complaint would be barred by limitations.

The only motion for leave to amend ever filed in this case was on January 27, 2021, in the Rule 59(e) motion for post-judgment leave to amend. *See* ECF No. 31. That motion was granted at the direction of the Court of Appeals. ECF No. 46; *Salas*, 2022 WL 1487024, at *8. The filing of a motion for leave to amend

---

[5] The Estate did not file a proposed amended complaint with its request for post-judgment leave to amend. *See* ECF No. 31.

within the limitations period normally tolls the statute of limitations. *See Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) (quoting *Moore v. Indiana,* 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.")). But here the post-judgment motion for leave to amend was filed after the limitations period had already run. Therefore, the Post-Remand Amended Complaint was not timely filed.

The court notes that the statute of limitations problem in this case could have been avoided by filing a motion for leave to amend after the court struck the amended complaint. It is not at all clear why the Estate's counsel chose to file a separate state court lawsuit, also late, instead of filing a motion for leave to amend in this case, as it eventually did after judgment was entered. Jiménez's identity was known for many months before the limitations period ran out and there was nothing standing in the way of filing a motion for leave to amend or objecting to the court's condition that Jiménez be deposed before the complaint could be amended. Obviously, the complaint could have been amended without the deposition, given that the First Amended Complaint was in fact filed (absent leave) without the deposition, as was the state court petition. The court knows of no way around the statute of limitations in this case and must recommend that the case be dismissed as time barred.

### E. Claims Under Texas Wrongful Death Act and ADA

Jiménez also argues that the claims under the Texas Wrongful Death Act are barred by governmental immunity. The

court need not address this argument. It has already been decided. The district court determined that the Estate "waived their state-law negligence claim by admitting that it does not fall under the state's limited waiver of sovereign immunity." ECF No. 29. The Estate did not challenge the dismissal of that claim on appeal, and the Fifth Circuit held that "whatever state law claims the Estate could have appealed in this court are abandoned." *Salas*, 2022 WL 1487024, at *2 n.4. In any event, the Texas statute of limitations for a cause of action based on an injury resulting in death is two years and accrues on the date of the death. Tex. Civ. Prac. & Rem. Code § 16.003(b). For the reasons discussed herein, the limitations period has run on any wrongful death cause of action.

In a single paragraph of the live pleading, the Estate alleged that Jimenéz violated the Americans with Disability Act (ADA) "by intentionally failing to provide Salas with reasonable accommodations" even though "[h]is mental illness was open, obvious, and apparent to Galena Park officers." ECF No. 55 at 39. Texas's two-year personal-injury limitations period applies to the ADA. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (2011). Federal law determines the accrual date, which is when the plaintiff has "a complete and present cause of action[.]" *Id.* at 238. Assuming that Salas's claim accrued no earlier than his death, the running of the statute of limitations for the ADA claim is the same as the Section 1983 claim and expired on November 30, 2020. Thus, the ADA claim is also barred by limitations.

### 4. Conclusion

For the above reasons, the court recommends that Jiménez's motion to dismiss be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 22, 2023.

_____

Peter Bray
United States Magistrate Judge